IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA WHEAT, o/b/o | ) | |
| C.N.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO.  3:11cv620-WKW-TFM |
| | ) | (WO) |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, Felicia Wheat, filed this lawsuit on behalf of her minor child, C.N.W., challenging a final judgment by Defendant Michael J. Astrue, Commissioner of Social Security, in which he determined that C.N.W. is not "disabled" and, therefore, not entitled to child supplemental security income benefits.  On April 28, 2009, the plaintiff filed on behalf of C.N.W. an application for supplemental security income benefits.  The plaintiff's application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ determined that C.N.W. is not disabled. The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129,

_____

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social
(continued...)

131 (11th Cir. 1986). The parties have consented to the undersigned United States Magistrate Judge rendering a final judgment in this lawsuit. The court has jurisdiction over this lawsuit under 42 U.S.C. §§ 405(g) and 1383(c)(3).[2] Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## I. STANDARD OF REVIEW

An individual under 18 shall be considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, he is not disabled.

_____

[1](...continued)
Security matters were transferred to the Commissioner of Social Security.

[2] Title 42 U.S.C. §§ 405(g) and 1383(c)(3) allow a plaintiff to appeal a final decision of the Commissioner to the district court in the district in which the plaintiff resides.

3.    If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate

to support a conclusion." *Crawford v. Comm'r of Soc. Sec., 3*63 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).  The court "may not decide the facts anew, reweigh the evidence, or substitute  . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).    The court must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

## II. ADMINISTRATIVE PROCEEDINGS

C.N.W. was 15 years old at the hearing before the ALJ.  (R. 115.)  The plaintiff alleges that, on January 1, 2005, C.N.W. became disabled due to mental retardation, a learning disability, attention deficit hyperactivity disorder (ADHD), anxiety attacks, and depression. (R. 46-62, 120.)  The ALJ, in his opinion, followed the regulations' three steps as listed above when he analyzed C.N.W.'s claim.  After doing so, he concluded that C.N.W. is not disabled and, therefore, denied her claim for supplemental social security benefits. Under the first step, the ALJ found that C.N.W. is not engaged in substantial gainful activity. At the second step, the ALJ found that C.N.W. has severe impairments of depression not otherwise specified, generalized anxiety disorder, history of ADHD, and a learning disability, as well as a non-severe impairment of asthma.  (R. 16.)  Next, at step three, the ALJ found that C.N.W.'s impairments, when considered singularly or in combination, do not meet or medically equal in severity the criteria for any impairment listed at 20 CFR, part 404, Subpart

P, Appendix 1.  (R. 16.)  In addition, the ALJ concluded that C.N.W.'s impairments do not functionally equal a Listing.  (R. 17.)  Consequently, the ALJ determined that C.N.W. is not disabled.  (R. 30.)

### III.  The Issues

The plaintiff raises the following issues:

(1)    The ALJ applied improper legal standards.

(2)    The Commissioner erred as a matter of law in evaluating the severity of the combination of Plaintiff's impairments

(3)    The ALJ erred as a matter of law in failing to develop the record.

(Doc. No. 11.)

### III.  DISCUSSION

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of the plaintiff's specific arguments because the court concludes that the Commissioner erred as a matter of law, and thus, this case is due to be remanded for further proceedings.  Specifically, the court finds that the ALJ failed to fully develop the record concerning the severity of C.N.W.'s learning disability and other mental health impairments.

The court cannot determine whether the ALJ's failure to consider mental retardation

as a severe impairment is supported by substantial evidence.  The severity step is a threshold inquiry which allows only "claims based on the most trivial impairment to be rejected." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986).  Indeed, a severe impairment is one that is more than "a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work."  *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 1382c(a)(3)(c). The plaintiff has the "burden of showing that [her] impairments are 'severe' within the meaning of the Act."  *McDaniel*, 800 F.2d at 1030-31.  Once the plaintiff establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that evidence.

The ALJ fails to resolve inconsistencies within a report from Dr. Lee Stutts, a consultative psychologist, concerning whether C.N.W. suffers from mental retardation.  In his report, Dr. Stutts recommends that further data is necessary to determine whether C.N.W.'s full scale IQ score of 60 is valid.  Specifically, Dr. Stutts found:

> The Wechsler Intelligence Scale for Children - Fourth Edition (WISC-IV) was administered and the results are listed below. [C.N.W.] exhibited right hand dominance and good effort.  There was considerable variability across

her scores and interpretation of [C.N.W.'s] Full Scale IQ as a unified concept is questionable. For example, there was a 24 point difference between her [Verbal Comprehension] and [Perceptual Reasoning] scores. [C.N.W.] scored a Full Scale IQ 60 which lies in the mild range of mental retardation and the 0.4 percentile. Furthermore, there was no reference to mild functioning in the impaired range by her mother on the two previous evaluations copied from her mother or on two previous evaluations copied to the file today from '07 and '09. Further data will be needed to clarify her functioning range and to validate today's scores, e.g. review of previous testing completed by the school system and/or a measure of adaptive functioning.

(R. 306.) The consultative psychologist concluded that "[C.N.W.] scored in the impaired range of intellectual abilities today but further data will be needed to validate this functioning range." (R. 307.) Despite the consultative psychologist's recommendation that further data was necessary to determine the validity of the test scores, the ALJ failed to resolve inconsistencies within the report itself by seeking additional testing and school records.

In addition, when assigning substantial weight to the assessment of Dr. Aleada Lee-Tarver, an examining consultative psychologist, the ALJ failed to consider her opinion in its entirety. The ALJ ignored Dr. Tarver's recommendation that "[C.N.W.] may benefit from further testing by her school system to rule out the possibility of a learning disability that may be affecting her academic performance." (R. 230-231.) He also failed to consider Dr. Tarver's finding that C.N.W.'s immediate memory abilities, as well as her insight and judgment, were below average. (R. 229.) It is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1998). Because

the ALJ ignored both Dr. Stutts' and Dr. Tarver's recommendations to obtain additional testing and school records, the court is unable to determine whether the ALJ's decision is supported by substantial evidence.

On remand, the court directs that the ALJ further explore C.N.W.'s behavioral problems and mental health disorders when determining whether C.N.W. suffers from a severe impairment.  The medical records indicate that C.N.W. suffers from an anger management problem and possibly bipolar disorder.  In addition, the record is replete with references to C.N.W. exhibiting outbursts, attacking teachers, and engaging in other inappropriate activity during school.  For example, in August 2009, a mental health specialist at East Central Mental Health – Mental Retardation, Inc., noted, "[Patient] has trouble [with] temper, anxiety.  She is easily annoyed and blames others. [Occasionally] defies teachers and mother.  She talks excessively at times.  She's had rages - moody and irritable some attention problems – starts projects but doesn't finish."  (R. 289.)   The mental health specialist diagnosed C.N.W. as suffering from depression and anxiety and suggested ruling out the possibility of bipolar disorder and ADHD.  (R. 289.)  On October 26, 2009, the plaintiff contacted the counselor about an incident between C.N.W. and a bus driver.  (R. 294.)  On December 22, 2009, the plaintiff reported that C.N.W. was suspended from school and has been "outbursting in all of her classes."  (R. 293.)   On March 15, 2010, the plaintiff stated that C.N.W. had gotten into an argument with her teachers.  (R. 304.)  On April 6, 2010, a counselor noted that C.N.W.'s grades were dropping, that she had an altercation with a

teacher at school, and that her left lower eye was swollen but she denied being hit.  (R. 284, 303.)  On June 1, 2010, the plaintiff reported that C.N.W. was accused of having sexual relations while in school, was suspended, and had received failing grades.  (R. 301.)  In light of the numerous references to C.N.W.'s behavioral problems throughout the record and a mental health specialist's assessment concerning bipolar disorder, the court concludes that the ALJ must further develop the record concerning whether C.N.W. suffers from bipolar disorder or another mental health condition.

At the third step of the sequential evaluation, the ALJ also failed to reconcile inconsistencies in a Teacher Questionnaire completed by a mathematics teacher in June 2010. (R. 184.)  When determining that C.N.W. has less than marked limitations in attending and completing tasks, the ALJ found that "the teacher stated that the child chooses not to do her work, rather than stating she is incapable of it."  (R. 26.)  The ALJ's finding is a mischaracterization of the evidence.  This court's review of the Teacher Questionnaire indicates that the teacher stated that "[C.N.W.] just don't want to do [her assignments] *or just can't*." (R. 185.) (Emphasis added.)  The ALJ failed to resolve inconsistencies in the record concerning CNW's learning impairments; thus, it is impossible for the court to determine whether the ALJ's determination is supported by substantial evidence.

## IV.  Conclusion

Accordingly, it is the

RECOMMENDATION of the undersigned that this case will be reversed and

remanded to the Commissioner for further proceedings consistent with this opinion.

It is further

ORDERED  that the parties are DIRECTED to file any objections to the Recommendation **on or before August 15, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 31st day of July, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE